## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KOHR ) | |
| ) | |
| Plaintiff, ) | C.A. No. |
| ) | |
| vs. ) | |
| ) | |
| LAW FIRM OF ALLAN C. SMITH, P.C., ) | |
| CACH, LLC, JOHN DOES 1-10 and ) | |
| X, Y, Z CORPORATIONS ) | |
| ) | |
| Defendants. | |

### DEFENDANT'S, CACH, LLC, NOTICE OF REMOVAL

Defendant, CACH, LLC, by and through its attorneys, Spector Gadon & Rosen, P.C., hereby removes this civil action bearing No. 2012-08588 from the Court of Common Pleas of Bucks County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441 and 1331.

1.     Plaintiff commenced his action in the Court of Common Pleas of Bucks County, Pennsylvania by filing a Civil Action Complaint ("Complaint") on or about November 13, 2012 and served the Complaint upon Defendant, CACH, LLC, via Certified Mail on or about April 26, 2013.   A copy of the Complaint is attached hereto as Exhibit "A" without admission or adoption. No further proceedings have been had in this action.

2.     Plaintiff seeks damages pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, et seq., relating to an alleged consumer transaction involving Plaintiff. (*See* Plaintiffs Complaint, Paragraph numbered "1", attached hereto as Exhibit "A").

3.     Plaintiff is an individual allegedly residing in the Commonwealth of Pennsylvania *(See* Paragraph 12 of Plaintiff's Complaint attached hereto as Exhibit "A").

4.     Defendant, CACH, LLC, is a Colorado business entity with it principal place of

business located at 4340 S. Monaco, Street, 2nd Floor, Denver, Colorado 80237. (See Paragraph 13(b) of Plaintiff's Complaint attached hereto as Exhibit "A").

5.      Defendant, Law Firm of Allan C. Smith, P.C., is a Commonwealth of Pennsylvania business entity with it principal place of business located at 1276 Veterans Hwy, Suite E-1, Bristol, PA 19007. (See Paragraph 13(a) of Plaintiff's Complaint attached hereto as Exhibit "A").

5.      This Honorable Court has original jurisdiction based upon the existence of a Federal Question pursuant to 28 U.S.C. § 1331.  Plaintiff brings the foregoing action based, in part, pursuant to the Fair and Accurate Credit Transaction Act (15 U.S.C. § 1681, et seq.). (See Paragraph 1 of Plaintiff's Complaint attached hereto as Exhibit "A").

7.      Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is filed in the United States District Court for the Eastern District of Pennsylvania, which is the District in which the State Court Action is pending.

8.      This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it was filed within thirty (30) days after Plaintiff served Defendant with the Complaint on or about April 26, 2013.

9.      Defendant will file this date a copy of the Notice of Removal with the Prothonotary of the Court of Common Pleas of Bucks County, Pennsylvania as required by 28 U.S.C. § 1446(c).

10.     Defendant will this date give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(c).

**WHEREFORE**, Defendant, CACH, LLC, prays that the above-entitled action now pending in the Court of Common Pleas of Bucks County, Pennsylvania be removed therefrom to this Court.

**SPECTOR GADON & ROSEN, P.C.**

Dated: <u>May 16, 2013</u>            By: _____
                                    Jonathan D. Greystone, Esquire
                                    1635 Market Street, 7th Floor
                                    Philadelphia, PA 19103
                                    (215) 241-8927/(215) 241-8844 (fax)
                                    jgreystone@lawsgr.com

                                    Attorney for Defendant,
                                    CACH, LLC

# EXHIBIT

# "A"

IN THE COURT OF COMMON PLEAS
BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION- LAW

Michael Kohr                                    :
85 GOLD MINE ROAD                               :
JONESTOWN, PA 17038                             :
                        Plaintiff               :
Vs.                                             :
Law Firm of Allan C. Smith, P.C                 :       Jury Trial Demanded
1276 Veterans Hwy, Suite E-I                    :
Bristol, PA 19007and                            :
and                                             :       2012-08588
CACH, LLC                                       :
4340 S. Monaco, 2nd Floor                       :
Denver, Colorado 80237                          :
and                                             :
John Does 1-10                                  :
and                                             :
X,Y,Z Corporations                             :
                        Defendant(s)            :

# **COMPLAINT**

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Plaintiff Michael Kohr brings this action to secure redress for himself for violations by Defendant(s) of the Fair and Accurate Credit Transactions Act (FACTA) of 2003.

3. Specifically, Plaintiff alleges that on credit or debit card receipts provided at the point of sale or transaction, Defendant(s) printed the card's expiration date in violation of FACTA.

## JURISDICTION AND VENUE

4. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681 *et. seq.* Plaintiff seeks statutory damages. attorneys' fees, costs, and such other relief as the Court deems proper including punitive damages.

6. Venue is proper in this jurisdiction  because Defendant does business in this jurisdiction.

7. Venue is proper in this jurisdiction  because a substantial portion of the acts took place in this jurisdiction.

8. Venue is proper in this jurisdiction because Defendant(s) do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

9. Venue is proper in this jurisdiction because Defendant Alan C. Smith's principle place of business is located in this jurisdiction.

10. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction.

## PARTIES

11. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

12. Plaintiff is Michael Kohr, an adult individual with a current address of 85 GOLD MINE ROAD, JONESTOWN, PA 17038.

13. Defendants are the following individuals and business entities.

    a.    Law Firm of Allan C. Smith, P.C., 1276 Veterans Hwy, Suite E-1, Bristol, PA 19007.

    b.    CACH, LLC, a business entity with an address including but not limited to 4340 S. Monaco, 2nd Floor, Denver, Colorado 80237.

    c.    John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    d.    X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE:  VIOLATION OF THE FAIR AND ACCURATE CREDIT
TRANSACTIONS ACT, 15 USC 1681 ET. SEQ.**

14. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

15. The Fair and Accurate Transactions Act of 2003 was enacted on December 4, 2003. FACTA is part of the Fair Credit Reporting Act, ("FCRA").15 U.S.C. §§ 1681 *et* seq., and gave merchants who accept credit or debit cards up to three years to comply with the truncation requirement, 15 U.S.C. §§ 1681c(g)(3)(A)-(B). FACTA requires full compliance with its provisions no later than December 4.2006 for all machines In use and in all transactions, 15 U.S.C. § 168lc(g)(3)(A).

16. In 2003, Congress passed, and the President signed, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.

17. A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

18. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

19. The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $500 billion.

20. One common method identity thieves use is to obtain credit card receipts that are stolen, lost *or* discarded, and to used the information on them to engage in transations. Identity thieves who do this are known as "carders" or "dumpster divers." In this "low tech" method is more common than the use of sophisticated electronic wizardry to obtain the information. *See e.g.,* Robin Sidel. "Identity Theft - Unplugged - Despite the High-Tech Threat, When You're Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p B1.

21. To curb this means of identity theft, Congress prohibited merchants who aCCept credit cards and debit cards from mailing electronically -generated receipts that display the expiration date of the card.

22. Since approximately 2007, The Department of Justice ("DOJ") has frequently intervened on behalf of Plaintiffs in private FACTA class actions. In *Papazian v. Burberry Limited,* 07-cv-1479, (C.D. Cal.), for example, the DOJ filed a brief which, among other things, explained the purpose of FACTA as follows:

23. Congress sought with FACTA to 'assist consumers in preventing identity theft and for mitigating its consequences once the crime has occurred.' *See* 108 H. Rep. No. 263 (2003). The goal of the provision that became §1681c(g) was 'to limit the opportunities for identity thieves to 'pick off' key card account information.' S. Rep. No. 108-166 (2003). FACTA followed enactment of laws in at least 20 states with provisions similar

to §1681c(g) that prohibited printing the full card number as well as the expiration date on receipts . . . .

24. On or about May 10, 2012 – May 13, 2012, Plaintiff made three successive consumer transactions with his personal debit credit or debit card through Defendant's place of business.  The purpose of the transaction was to settled and to pay on an alleged consumer debt.

25. Defendant provided Plaintiff with a paper receipt at the point of sale which displayed the expiration date of Plaintiff's personal Mastercard card, in violation of FACTA's truncation requirements.

26. Although Defendant had up to three years to comply, it has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print the expiration date on paper receipts provided to Plaintiff and other similarly situated consumers at the point of sale.


27. The expiration date of a customer's credit/debit card, until recently printed on Defendant's receipts, is one of several pieces of information that can make it easier for criminals to rack up fraudulent charges. These dates are worth protecting even when not accompanied by other important financial information.

28. By printing the protected private information on receipts, Defendant invaded the privacy point of sale.

29. Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

30. Despite the fact that Defendant knew or should have known about the truncation requirements of FACTA, and despite having several years to comply, Defendant willfully violated and continue to violate FACTA's requirements by printing Plaintiff's expiration date on the receipt at the point of sale.

31. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same and in fact did come into compliance at other restaurants and hotels which Defendant operates.

32. Defendant's willful violation of FACTA exposed Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

## COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 ET. SEQ.

33. The previous paragraphs of this complaint are incorporated by reference and made a part of this action.

34. At all relevant times in this Complaint, Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

35. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

36. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

37. At all times mentioned in this Complaint, Defendant(s) has a duty to comply with all applicable laws governing collection procedures on Plaintiff's consumer account(s), pursuant to 15 USC 1692 f.

38. By breaching its duties under the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq., Defendant(s) also breached its duties under 15 USC 1692 f, to refrain from any collection activity that is illegal or unconscionable.

## LIABILITY

39. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

40. Defendant(s) is liable for the acts committed by its agents under the doctrine of *respondeat* superior because Defendant(s)' agents were acting within the scope of their employment with Defendant.

41. In the alternative, Defendant(s) is liable for the conduct of its agents/employees under the theory of joint and several liabilities because Defendant and its agents/employees were engaged in a joint venture and were acting jointly and in concert.

42. Any mistake made by Defendant(s) would have included a mistake of law.

43. Any mistake made by Defendant would not have been a reasonable or *bona fide* mistake.

44. At all times mentioned in this Complaint, Defendant, the Law Firm of Allan C. Smith, P.C., and its agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting as agents of Defendant, CACH, LLC.

45. At all times mentioned in this Complaint, Defendants, the Law Firm of Allan C. Smith, P.C. and its agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting jointly and in concert with Defendant, CACH, LLC.

46. At all times mentioned in this Complaint, Defendants, The Law Firm of Allan C. Smith, P.C. and its agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting jointly and in concert with Defendant, CACH, LLC.

47. At all times mentioned in this Complaint, Defendant CACH, LLC is liable for the acts and / or omission of Defendants, The Law Firm of Allan C. Smith, P.C. and its agent(s), representative(s) or employee(s) under the doctrine of joint and several liability.  See MOSES v. LAW OFFICE OF HARRISON ROSS BYCK, PC, William Seltzer, DBG Collection, Inc., and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see MARTSOLF, v. JBC LEGAL GROUP, P.C., and OUTSOURCE RECOVERY MANAGEMENT, United Stated District Court for the Middle District of Pennsylvania, 04-CV-1346.

48. At all times mentioned in this Complaint, Defendant, CACH, LLC is liable for the act and / or omission of Defendants The Law Firm of Allan C. Smith, P.C. and their agent(s), representative(s) or employee(s) under the doctrine of *respondeat* superior.  See MOSES v. LAW OFFICE OF HARRISON ROSS BYCK, PC, William Seltzer, DBG Collection, Inc., and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see MARTSOLF, v. JBC LEGAL GROUP, P.C., and OUTSOURCE RECOVERY MANAGEMENT, United Stated District Court for the Middle District of Pennsylvania, 04-CV-1346.

49. Defendant is liable for the acts committed by its agents, employees or representatives under the doctrine of *respondeat* superior because Defendant's agents were acting within the scope of their employment with Defendant.

50. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

51. Joint and several liabilities may attach under the doctrine of alter ego, for the purpose of piercing the corporate veil.

52. Joint and several liabilities may attach under the doctrine of undercapitalization, for the purpose of piercing the corporate veil.

## DAMAGES

53. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

54. As a result of Defendant's willful violations of FACTA, Defendants are liable to Plaintiff in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

55. Plaintiff seeks the full amount of such statutory damages at a rate of $1,000 per violation.

56. There were 3 separate receipts printed by Defendant(s), all of which contained Plaintiff's credit card information that should have been redacted pursuant to the Fair and Accurate Credit Transaction Act, 15 USC 1681 et. seq.

57. Plaintiff requests $3,000 statutory damages for all 3 violations.

58. As a result of Defendant's willful violations of FACTA, Plaintiff seeks punitive damages. 15 U.S.C. §1681n(a)(2), the amount of which shall be determined by the Court.

59. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $5,000.00.

## ATTORNEY FEES

60. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

61. As a result of Defendant's willful violations of FACTA, Plaintiff is entitled to recover costs of suit and their reasonable attorney fees. 15 U.S.C. §1681n(a)(3).

62. Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $1,750.00 at a rate of $350.00 per hour, enumerated below.

a.  Consultation with client.                                          1

b.  Drafting, editing, review and filing of complaint,
    related documents and exhibits                                     2

c.  Follow up contact with Defense                                     2

                                                        _____

            5x $350 = $1,750.00

63. Plaintiff's attorney fees continue to accrue as the case move forward.

64. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

65. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

66. Plaintiff seeks and Order from this Honorable Court, or other Court of competent jurisdiction, directing Defendant to Provide Plaintiff with his credit report once per year, free of charge.

67. Plaintiff requests a jury trial in this matter.

68. Plaintiff demands a jury trial in this matter.

69. Plaintiff seeks costs in prosecuting this matter.

70. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $10,401.00 as enumerated below.

$1.00 more or less actual damages.
$3,000.00 statutory damages pursuant to 15 USC 1681 et. seq.
$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.
$1,400 attorney fees
$5,000 punitive damages

_____

$10,401.00

Plaintiff seeks such additional relief as the Court deems just and proper.

Vicki Piontek, Esquire     11•3•2012
Vicki Piontek, Esquire     Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617 Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| Michael Kohr<br>85 GOLD MINE ROAD<br>JONESTOWN, PA 17038 | : |
|                Plaintiff | : |
| Vs. | : |
| Law Firm of Allan C. Smith, P.C<br>1276 Veterans Hwy, Suite E-I<br>Bristol, PA 19007and<br>and<br>John Does 1-10<br>(address unknown)<br>and<br>X,Y,Z Corporations<br>(address unknown) | :     Jury Trial Demanded<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
|            Defendant(s) | : |

## VERIFICATION

I, Michael Kohr, affirm that the statements contained in the attached complaint are true ad correct to the best of my knowledge understanding and belief.

_____          10/1/2012
Michael Kohr                              Date

IN THE COURT OF COMMON PLEAS
BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION- LAW

Michael Kohr                                          :
85 GOLD MINE ROAD                                    :
JONESTOWN, PA 17038                                  :
                          Plaintiff                  :
Vs.                                                  :
Law Firm of Allan C. Smith, P.C                      :     Jury Trial Demanded
1276 Veterans Hwy, Suite E-I                         :
Bristol, PA 19007and                                 :
and                                                  :     2012-08588
CACH, LLC                                            :
4340 S. Monaco, 2nd Floor                            :
Denver, Colorado 80237                               :
and                                                  :
John Does 1-10                                        :
and                                                  :
X,Y,Z Corporations                                   :
                          Defendant(s)               :

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the

following pages, you must take action within twenty (20) days after this Complaint and Notice

are served by entering a written appearance personally or by attorney and filing in writing with

the Court your defenses or objections to the claims set forth against you. You are warned that if

you fail to do so the case may proceed without you and a judgment may be entered against you

by the Court without further notice to you for any money claimed in the Complaint or for any

other claim or relief requested by Plaintiff(s). You may lose money or property or other rights

important to you.

See Next Page --------------------------------→→→→→→

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE

OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:


Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413